Hyman, C. J.
Plaintiff brought this suit in February, 1861, to recover damages of defendant for injuries suffered by himself, his sons, Dennis Frank, aged seven years, and Henry Frank, aged twelve years, his daughter, Caroline, aged ten years, and his wife, Mary Frank, the mother of the children, from the culpable conduct of its servants.
Plaintiff, in his petition, alleged that on or about the 19th of August, 1860, he, his wife and his children, named above, were passengers in a car belonging to defendant; that while the car was at rest, at the usual stopping place, under charge of defendant’s servants, an express train of cars belonging to defendant, and under charge of its servants, came down the track on which rested the car in which he and his family were, with dangerous speed, and that before they could escape from the car in which they were, the express train was hurled against it with irresistible momentum; that by the collision his son, Dennis, was miserably crushed to death; his son, Henry, his daughter, Caroline, and his wife, Mary, were severely injured, and that they were for a length of time under surgical and medical treatment. He further alleged, that although he escaped without any injury, yet, that his life was in great danger, and that from alarm and terror, he suffered great damages; that in consequence of the destruction of the life of his son, Dennis, and of the protracted illness and suffering of his wife and his children, Henry and Caroline, he was put to great expense, and suffered great pecuniary loss and damage, and that his wife and each of Ms said children, by their injuries, also suffered great damage.
He alleged, finally, that the wrongs, injuries, sufferings and damage of himself, his wife and his children, as above set forth, were caused entirely by the gross negligence, want of skill, imprudence, illegal conduct, and recklessness of the New Orleans and Carrollton Railroad Company, its officers and servants, and damaged him and them to the extent of $30,000, and he concluded his petition by praying for judgment against defendant for that amount.
Defendant, in its answer, excepted to so much of plaintiff’s petition as claimed damages for the injury of his son, Dennis, on the grounds, 1st: “ That plaintiff had not such an interest in said damages, or such capacity as enabled him to maintain suit therefor.” 2d. “that as respects the injury suffered by plaintiff’s said son, and his death, plaintiff’s petition sets forth no good or sufficient cause of action.”
An act entitled An Act to amend Article twenty-two hundred and ninety-four of the Civil Code, approved March 15th, 1855, re-enacted and amended that Article so as to read as follows: “Every act whatever of man, that causes damage to another, obliges him, by whose fault it happened, to repair it. The right of this action shall survive in cases of death in favor of the minor children and widow of the deceased, or either of them, or in default of these, in favor of the surviving father and mother, or either of them, for the space of one year from the death. ”
This act certainly gave the right to plaintiff to sue to recover damages for injury caused to his deceased son, Dennis.
Defendant, to sustain its second ground of exception, refers us to the decision of this Court in the case of Earheart against defendant, reported in 17 An., pp. 244 and 245.
We sustained' the exception in that case, because the plaintiff, Earheart, *27 alleged that- the cause cf action was in himself as the sufferer of damages, and we also declared that to bring the case within the provisions of the above-named statute, plaintiff should have alleged the cause of action in, and the damages suffered by, his deceased child.
The allegations in that case are different from those in the case cited. Here, the cause of action is alleged in the plaintiff’s deceased child, and plaintiff asks judgment for the damages suffered by this child.
The persons injured, for which damages are claimed in this suit, were, without their fault, or even imprudence, injured by the same cause that injured Arthur Choppin, and for which he recovered damages against defendant in the case styled Arthur Choppin v. New Orleans and Carrollton Railroad Company, reported in 17 An. pp. 19 and 20, and the evidence in this case relative to the acts and careless conduct of defendant’s servants, which caused injury, is similar to the evidence adduced in that case.
A verdict was given by a jury in favor of plaintiff for $5,000, and the District Judge, pursuant to the verdict, rendered judgment against defendant for that amount, and the cost of suit. Defendant has appealed from the judgment.
In cases of this kind, where no exact computation of damage can be made, discretion is left to the Judge or jury. C. 0.1928, sec. 3.
There is no reason for reversing the judgment of the District Court. Let it therefore be affirmed, at defendant’s costs.
Howeiu,, J., recused.